REJECTED PURSUANT TO RULE 79.2(C)
COURT OF CRIMINAL APPEALS

PD-0300&0301&0302-15

June 19, 2015

ABEL ACOSTA, CLERK

| | |
|---|---|
| ROBERT CARVER | COURT OF CRIMINAL APPEALS |
| VS. | |
| STATE OF TEXAS | AUSTIN TEXAS |

ON APPEAL FROM THE 362ND DISTRICT COURT, DENTON COUNTY

Tr. Ct. No's F-2010-1715-D; F-2010-1716-D; F-2010-2243-D

COA No's 08-12-00298-CR; 08-12-00299-CR; 08-12-00300-CR

PDR No's PD-0300-15; PD-0301-15; PD-0302-15

## MOTION FOR REHEARING

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 19 2015

Abel Acosta, Clerk

TO THE HONORABLE JUDGE'S OF SAID COURT:

Now comes, the Petitioner, Robert Carver, and files this motion for Rehearing, in the above-entitled matters, after this Court's decision to refuse the Petitions, dated May 13th, 2015 and in support of said motion, thereof, would show this Court the following:

1. The Court of Appeals, thru their own admission, failed to review the brief's associated with case numbers 08-12-00299-CR; 08-12-00300-CR, or any of the Reply brief's. (See, C.O.A. Opinion p. 4). The arguments contained in these brief's, were not mentioned in the brief they did review. Therefore, the Court of Appeals was unable to give the proper ruling under the Almanza

harm analysis. Almanza v. State 686 S.W. 2d 157, 174 (Tex. Crim. App. 1984)(op. on reh'g).

2. The Court of Appeals incorrectly used hearsay testimony from an Officer Williams who wasn't even present, at the scene, on the day Petitioner was arrested for possession, to support their claim that No egregious harm occurred. In fact, only four of the nine officers who testified, were at the scene, on the day of the alleged incident, and only two of these four could identify the Petitioner in Court. (See, C.O.A. Opinion, #300-CR, p.7,8).

3. Petitioner's right to an adequate record on appeal has been violated. Counsel's waiver of the Petitioner's right to a full transcript, rendered the subsequent judgments against the Petitioner unconstitutional. Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct 1402, 18 L.Ed. 2d 501 (1967).

4. Petitioner alleges, the Court of Appeals violated due process concerns because the State involved had set up a system of appeals as a right but had refused to offer a fair opportunity to obtain an adjudication on the merits of his appeal. Douglas v. Calif. 372 U.S. 353, 83 S.Ct 814, 9 L.Ed. 2d 811 (1963); Also, Griffin v. Illinois 351 U.S. 12, 20 76 S.Ct 585, 591 100 L.Ed 891 (1956).

5. Appellant pursuing a first appeal as of right, has certain

safeguards necessary to make that appeal adequate and effective. <u>Griffin v. Illinois</u> 351 U.S. 12, 20 76 S.ct 585, 591 100 L.Ed 891 (1956). The procedures used in deciding appeals must comport with the demands of the due process and equal protection clauses of the United States Constitution.

Wherefore, premises considered, Robert Carver, prays that the Court reconsider the original ruling and make the appropriate ruling based on the matters raised in this motion.

## Unsworn Declaration

I, Robert Carver, TDCJ # 1830004, being presently incarcerated at the Gurney Unit, 1385 FM 3328, Palestine Tx, 75803, in Anderson County Texas, declare under penalty of perjury that the foregoing is true and correct. Executed on 15 day of June, 2015.

## Prayer for Relief

Petitioner respectfully prays that this Court reconsider its original ruling and review Petitioner's Brief's and all accompanying Motions and Petitions and render its own opinion.

Robert Carver

1385 FM 3328

Palestine Tx 75803